UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA PRIM,

        Plaintiff,

v.                                  Case No: 6:21-cv-360-RBD-EJK

ILLINOIS DCFS, FAMILY CARE
(ILLINOIS), PEORIA COURTHOUSE,
ILLINOIS STATE POLICE, PEORIA
POLICE, ILLINOIS INSPECTOR
GENERAL, GOVERNOR PRITZER and
PEORIA LEGISLATORS DISTRICT 17
& 19,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause comes before the undersigned on Plaintiff's Affidavit of Indigency, which the undersigned construes as a Motion to Proceed *In Forma Pauperis* (the "Motion"), filed February 23, 2021. (Doc. 2.) Upon consideration, I respectfully recommend that this action be dismissed, or in the alternative, transferred to the United States District Court for the Central District of Illinois, Peoria Division.

## I.    BACKGROUND

    Plaintiff instituted this action for injunctive relief in the Middle District of Florida, Orlando Division, alleging that "the State of Illinois is trafficking children, damaging innocent families," and accepting "dirty donations" to facilitate the trafficking of children. (Doc. 1 at 4.) While Plaintiff does not explicitly allege where these events occurred, she does allege that all Defendants reside in Peoria, Illinois. (*Id.* at 1–2.)

## II.     STANDARD

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

Title 28 of the United States Code, Section 1391, governs venue in civil actions brought in federal district court. 28 U.S.C. § 1391(a)(1). That statute provides, in pertinent part, that a civil action may be brought in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located" or where a "substantial part of the events or omissions giving rise to the claim occurred." *Id.* §1391(b)(1), (2). When an action is brought in the wrong venue (that is, the wrong district court), a court "shall dismiss [it], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

## III.     DISCUSSION

Without addressing whether Plaintiff properly states a claim, the undersigned finds that the case is due to be dismissed because venue is not appropriate in the Middle District of Florida, Orlando Division. First, Defendants do not reside in any of the cities or counties served by the Orlando Division, making venue inappropriate pursuant to § 1391(b)(1). Second, it is evident that the events occurred in Illinois, as Plaintiff is alleging that Illinois government officials are the ones trafficking the children. (Doc. 1.) Therefore, venue is also inappropriate pursuant to 1391(b)(2).

At this juncture, the undersigned finds that Plaintiff has failed to establish that venue is appropriate in the Orlando Division, warranting dismissal of her action. *See* 28 § 1406(a) (directing a court to dismiss a case that is filed in the wrong district or division). Alternatively, "in the interest of justice," the Court may transfer this case "to [the] district or division in which it could have been brought," which is the Central District of Illinois. *Id.*

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** this action. Alternatively, I recommend that the Court transfer this action to the United States District Court of the Central District of Illinois, Peoria Division.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1. **If Plaintiff does not object to this Report and Recommendation, then she may expedite the approval process by filing a notice of no objection.**

Recommended in Orlando, Florida on February 25, 2021.

 

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

Unrepresented Parties